LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov
CHRISTOPHER A. NOWLIN (Cal. Bar No. 268030)
Email: nowlinc@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Katharine Zoladz, Associate Regional Director
Gary Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>SECURED INCOME GROUP, INC., MAX EDWARD MCDERMOTT, and STACEY MARIE PORTER,<br><br>Defendants. | Case No.<br><br>**CONSENT OF DEFENDANT SECURED INCOME GROUP, INC.** |

Defendant Secured Income Group, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

1. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the

Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things permanently restrains and enjoins Defendant from violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); and Section 5 of the Securities Act, 15 U.S.C. §§ 77e.

2. Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from July 1, 2017, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

3. Defendant acknowledges that the civil penalty, if any, paid pursuant to the Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the

government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8. Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9. Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Defendant waives service of the Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but

are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such

laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction

1  over Defendant in any United States District Court for purposes of enforcing any
2  such subpoena.
3      15.  Defendant agrees that the Commission may present the Judgment to the
4  Court for signature and entry without further notice.
5      16.  Defendant agrees that this Court shall retain jurisdiction over this matter
6  for the purpose of enforcing the terms of the Judgment.

Dated: August 22, 2022_____     Secured Income Group, Inc.

By: _____
Max Edward McDermott
Chief Executive Officer

On August 22, 2022, Max Edward McDermott, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of as its Chief Executive Officer.

_____
Notary Public
Commission expires: 06.08.2026

\* see ATTAched cAlifoRnia NoTAry AcknowLedgement

Approved as to form:

_____
Jeff Isaacs
ISAACS | FRIEDBERG LLP
555 South Flower Street, Suite 4250
Los Angeles, CA 90071
213-929-5550
Attorney for Defendant

7

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  )
County of __Orange__  )

On __August 22, 2022__ before me, __Ramzan Jattala, Notary Public__,
     Date                                   Here Insert Name and Title of the Officer
personally appeared __MAX EDWARD MCDERMOTT__
                                Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
           Signature of Notary Public

[Notary Seal: RAMZAN JATTALA, COMM. # 2404094, NOTARY PUBLIC - CALIFORNIA, ORANGE COUNTY, MY COMM. EXP. JUNE 8, 2026]

Place Notary Seal Above

———————————— OPTIONAL ————————————
Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _____
Document Date: _____ Number of Pages: _____
Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual   ☐ Attorney in Fact
☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual   ☐ Attorney in Fact
☐ Trustee      ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907